### KEVIN L. STROBEL *v.* ROSE LI-HWA STROBEL
### (AC 26334)

Bishop, DiPentima and Berdon, Js.

Argued October 19—officially released December 20, 2005

*Rose Li-Hwa Strobel,* pro se, the appellant-appellee (defendant).

*Kevin L. Strobel,* pro se, the appellee-appellant (plaintiff).

*Peter J. McGuinness,* for the minor child.

*Janis M. Laliberte,* guardian ad litem for the minor child.

*Opinion*

PER CURIAM. On June 25, 2003, the trial court, *Abery-Wetstone, J.,* wrote in regard to this case: "This is a tragic case of a child torn asunder by his parents' never ending divorce battle that began eight years ago. The sheer volume of the pleadings filed by the parties is astounding. Since the case began in December, 1994, the plaintiff father has filed one hundred and eleven (111) motions, twenty-five (25) being responses to the defendant mother's motions. The mother has filed one hundred and nineteen (119) motions, twenty-two (22) being responses to the father's motions." Finding that many of the motions filed in this matter were "overabundant" and "ceaseless," and often "duplicative, redundant and without merit," and in an effort to bring some sanity to this extraordinary situation, Judge Abery-Wetstone issued the following order: "Neither parent shall file any motions or pleadings without prior approval of the court. If any motions are filed, they shall be filed in Bridgeport. The presiding judge for family matters in the Fairfield judicial district shall review any motions filed by either parent and determine if the motion is redundant, vexatious, frivolous, or an abuse of the court system or the minor child. If the Bridgeport presiding family judge determines that the motion merits a hearing, it shall be forwarded to the regional family trial docket for scheduling and hearing. Nothing contained in this paragraph shall prohibit the attorney for the

minor child from filing any pleading with the regional family trial docket directly. This order is made so that the attorney for the minor child can obtain an immediate hearing in the event the child expresses any thoughts that lead the attorney for the minor child, school personnel or [the court-ordered psychologist working on the parent-child relationship] to believe the child is a danger to himself or others." Neither party appealed from that injunctive order.

Notwithstanding that order, both parties filed subsequent motions, which are the subjects of these appeals. On August 13, 2004, the plaintiff, Kevin L. Strobel, filed a motion for contempt against the defendant, Rose Li-Hwa Strobel, alleging that she was substantially in arrears in regard to her child support obligation and that she had failed to pay medical costs for the child as ordered by the court. Additionally, the defendant filed a motion on February 14, 2005, seeking a modification of custody and child support. From the denials of both parties' motions, the defendant has appealed and the plaintiff has cross appealed.

In denying the plaintiff's motion for contempt relating to unpaid medical expenses, the trial court, *Wolven, J.,* noted: "The purpose of Judge Abery-Wetstone's decision and orders regarding the filing of motions was to reduce stress and emotional turmoil this litigation is causing to the parties' minor child." Confronted with the parties' dilatory and abusive tactics regarding the plaintiff's motion for contempt for the nonpayment of medical bills, the court denied it with prejudice. Additionally, the court denied the plaintiff's motion for contempt regarding child support on the basis that the same claim had already been raised by the plaintiff four years earlier and that the defendant's failure to pay child support during a period of unemployment did not rise to the level of wilful contempt.

As to the defendant's motion to modify custody and child support, the trial court, *B. Fischer, J.*, found that the motion was repetitive and did not raise any issues that had not been presented by the defendant in prior motions to the court. On that basis, and in light of Judge Abery-Wetstone's limiting order, the court denied the defendant's motion.

Our review of the record reflects the sad accuracy of Judge Abery-Wetstone's observation that the parties herein have filed barrages of repetitive and abusive motions in an apparently ceaseless war of hostility and vindictiveness toward one another and that those motions are not only abusive to the system but, more importantly, to their now teenage son. The court's efforts to limit the battle are praiseworthy. In denying the parties' motions, the courts' findings were clearly supported by the record and well within their discretion.

The judgments are affirmed.